Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Carson Heninger (Utah State Bar No. 17410)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT  84101
Telephone: (801) 478-6900
Email:  huntp@gtlaw.com
          thomsonm@gtlaw.com
          heningerc@gtlaw.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| In re:<br><br>DOUGLAS RAYMOND SHORT,<br><br>        Debtor. | Case No. 19-29471<br><br>Chapter 7<br><br>The Honorable Kevin R. Anderson |

---

### CHAPTER 7 TRUSTEE'S MOTION TO COMPEL CHRISTINE SHORT
### TO COMPLY WITH SUBPOENA AND FOR SANCTIONS

---

Peggy Hunt, in her capacity as the duly-appointed Chapter 7 Trustee (the "Trustee") for

the bankruptcy estate of Douglas Raymond Short (the "Debtor"), by and through counsel,

respectfully requests that the Court enter an Order compelling Christine Short ("Ms. Short") to

comply with the *Subpoena* issued to her and to impose sanctions against Ms. Short for the

Trustee's attorney fees incurred in seeking her compliance. In support hereof, the Trustee states

as follows:

## I.    JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and

157(b)(2)(A), (O).

2.      Venue is appropriate under 28 U.S.C. § 1409(a).

3.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a),

Fed. R. Civ. P. 45, made applicable to this matter by Fed. R. Bankr. P. 9016, and Fed. R. Bankr.

P. 2004.

## II.    FACTUAL BACKGROUND

### A.    *General Background*

4.      On December 31, 2019, the Debtor filed a voluntary petition under Chapter 7 of

the United States Bankruptcy Code.

5.      The Trustee is the duly appointed Chapter 7 trustee in the above-referenced case.

6.      In the Trustee's investigation into the Debtor's financial affairs, she learned that

the Debtor resides at 10763 South 2000 East Sandy, Utah (the "Property").

7.      The Property is titled in Ms. Short's name in her capacity as Trustee of the

Christine M. Short Revocable Trust (the "Trust") and the Debtor is a beneficiary of the Trust.

Ms. Short is also married to the Debtor.

### B.    *The Trustee's Investigation into the Property*

8.      The Trustee is investigating the extent of the Debtor's equitable interest in the

Property and if there is other property that the Debtor has an interest in.

9.      In the Trustee's investigation she learned that the Debtor is an attorney. On or

around February 9, 2015, the Third Judicial District, District Court of Salt Lake County, State of

Utah (Case No. 070915820) issued an Order for sanctions against the Debtor in the amount of $27,981.07. On June 23, 2015, shortly after the sanctions were entered but before it was reduced to a judgment, the Debtor transferred his interest in his then residence to his wife, Ms. Short. This residence was later sold, and based on information and belief, the proceeds of the sale were used to purchase the Property.

10.    On January 25, 2022, the Trustee filed an Ex Parte *Motion for Examination and Production of Documents Under Fed. R. Bankr. P. 2004 and Local Rule 2004-1* [Doc. No. 66] (the "2004 Motion"), seeking authority to issue a subpoena requesting documents and compelling attendance at an examination.

11.    On January 31, 2022, the Court entered an *Order Authorizing Rule 2004 Examination of Christine Short and Production of Documents Under Fed. R. Bankr. P. 2004 and Local Rule 2004-1* [Doc. No. 68] (the "2004 Order").

12.    Relying on the Court's 2004 Order, on February 1, 2022, the Trustee issued the Subpoena, attached as **Exhibit A**.

13.    The Subpoena required Ms. Short to appear at a deposition on February 24, 2022 and to produce the requested documents that will aid in the Trustee's examination no later than February 18, 2022.

14.    On February 18, 2022, Ms. Short produced copies of various deeds showing transfer of ownership of the Property, a homeowner's insurance policy for the Property, and a copy of the Trust Agreement. Ms. Short also produced an objection letter to the Subpoena (the "Objection"). A copy of the Objection is attached as **Exhibit B**.

15.    Specifically, the Objection states that the production of bank statements is objectionable as it creates an undue burden and is irrelevant to the question of ownership of the Property.

16.    On February 23, 2022, one day before the scheduled examination, Ms. Short asked for the examination to be continued because of a work commitment and her desire to obtain counsel.

17.    The Trustee agreed to continue the examination to March 29, 2022 and the Trustee's counsel informed Ms. Short that her production of documents in response to the Subpoena was deficient. The email thread relaying this correspondence is attached as **Exhibit C** and a copy of the new subpoena for the examination is attached as **Exhibit D**.

18.    Ms. Short stated that she "will work on getting the rest of the documents and send them as soon as possible." *See* **Exhibit C**.

19.    Counsel for the Trustee was thereafter required to repeatedly ask for the documents. Ms. Short subsequently provided the requested documents, except for the bank statements.[1]

20.    Specifically, on March 3, 2022, Ms. Short produced a spreadsheet showing payments made towards a mortgage on the Property and certain loan documents. On March 4, 2022, Ms. Short produced pictures of her bank statements, but the bank statements were manipulated to only show supposed mortgage payments. The Trustee cannot ascertain the source of the money for these payments or determine whether there are other expenses for the Property

---

[1]  As requested, Ms. Short sent over her 2019 and 2020 tax returns in an electronic PDF format. But these documents are password protected and, despite requests made to Ms. Short's counsel, a password has still not been provided and the Trustee has been unable to access them.

being paid from this account. Lastly, on March 7, 2022, Ms. Short produced copies of her 2019

and 2020 tax returns, but the Trustee still needs the password to access them.

21.      On March 8, 2022, counsel for Ms. Short called the Trustee's counsel and said

that the Trustee has no right to request personal bank records from a non-party. And that the

Trustee must first show "probable cause" in order to request documents from a party "who has

not availed herself to the Court." Notwithstanding, Ms. Short's counsel requested some time to

review all the documents and background of the case to determine whether the bank statements

should be produced. Ms. Short's counsel agreed to contact the Trustee's counsel by March 11,

2022. A follow-up email sent from the Trustee's counsel summarizing the call is attached as

**Exhibit E**.

22.      On March 14, 2022, after Ms. Short did not follow up with the Trustee, the

Trustee's counsel asked Ms. Short's counsel for a meet and confer to discuss the production of

the requested bank records. On March 16, 2022, after not receiving a response from Ms. Short,

the Trustee followed-up on the meet and confer request.

23.      On March 17, 2022, counsel for Ms. Short and the Trustee engaged in a meet and

confer. Ms. Short's position is that she will not produce the bank statements because of privacy

concerns. The Trustee inquired if there were safeguards that could be taken to appease

Ms. Short's privacy concerns. Ms. Short's counsel said that the privacy concern was with

Trustee's counsel reviewing the bank statements so there were no agreeable protections the

Trustee could provide. In any event, Ms. Short's counsel asked that the Trustee give her until

March 21, 2022 to discuss with her client before seeking Court assistance.

24.     Ms. Short has still not responded. So, unfortunately, the parties cannot resolve their discovery issue and Court assistance is needed.

### III.     RELIEF REQUESTED

25.     The Trustee is seeking an Order from the Court compelling Ms. Short to provide two-years of her bank records as well as password(s) to access the already-provided tax returns.

26.     Further, because of the unreasonable positions taken by Ms. Short and the cost and expense the estate has incurred, the Trustee is also requesting that sanctions be entered against Ms. Short for the attorney fees incurred in seeking her compliance.

### IV.     LEGAL BASIS FOR RELIEF

*A. Ms. Short Must Produce the Bank Records and Tax Return Password(s).*

27.     "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ." Fed. R. Civ. P. 26(b)(1); *see Covey Oil Company v. Continental Oil Company*, 340 F.2d 993, 997 (10th Cir. 1965) (scope of Rule 26(b)(1) applies to Rule 45). Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure provides that a party seeking discovery may move to compel production where compliance with a subpoena is required.

28.     Further, these documents are sought under Rule 2004 which "has a broad scope and extends to third parties who deal with the debtor." *In re Olsen*, 251 B.R. 441 (B.A.P. 10th Cir. 1999).

29.     And although the broad scope of Rule 2004 is often called a "fishing expedition," *see id.*, that is not the case here. Rather, the Trustee is only requesting two years of Ms. Short's bank statements. As stated above, the circumstances surrounding the Debtor's transfer of his

interest in a house to Ms. Short is suspicious and the Trustee, in order to fulfill her duties under

11 U.S.C. § 704, must review these records. Therefore, these bank records are necessary for the

Trustee's investigation into the estate's assets as they will show the payments made towards the

mortgage on the Property as well as show the source of income that those payments are coming

from. These records will also be relevant to show how the Property has been treated between the

Debtor and Ms. Short to determine the extent of the Debtor's equitable ownership in the

Property.

30.     The Trustee understands the sensitive-nature of these bank records and has been

willing to treat them confidentially or to consider other procedural safeguards. But Ms. Short

refuses to produce the bank records based solely on her privacy interest and has provided no

tenable legal basis supporting this position.

31.     Ms. Short's privacy interest cannot override the Trustee's need to review these

records to determine the extent of the Debtor's equitable interest in the Property. *See Strand v.

USANA Health Scis.*, No. 2:17-cv-00925-HCN-PMW, 2020 U.S. Dist. LEXIS 776, at *4 (D.

Utah Jan. 2, 2020) ("privacy interests must yield to the Federal Rules of Civil Procedure.")

(citing *Conopco, Inc. v. Wein*, No. 05-CV-9899, 2007 WL 2119507, at *2 (S.D.N.Y. July 23,

2007) (denying motion to quash subpoena for personal bank records of RICO defendant and her

husband); *Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *2 (S.D.

Ohio Feb. 6, 2009) ("that papers are personal, or even confidential, is not grounds for quashing a

subpoena"); *Laborers' Pension Fund v. Quality Gen. Constr., Inc.*, No. 02 C 7374, 2004 WL

1151616, at *1 (N.D. Ill. Apr. 2, 2004) (denying motion to quash subpoena for bank records of

defendant and wife asserting that subpoena was overbroad for failure "to distinguish between corporate accounts and personal accounts")).

32.     Thus, the law provides that Ms. Short must produce these bank records and the password(s) to her already-produced tax returns.

   B.  *The Court Should Sanction Ms. Short.*

33.     "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

34.     Further, the Tenth Circuit has held that 11 U.S.C. § 105 "authorizes bankruptcy courts to impose sanctions for civil contempt to compel compliance with a court order or compensate parties for losses caused by noncompliance." *In re Scrivner*, 535 F.3d 1258, 1265 n.3 (10th Cir. 2008) (citing *In re Skinner*, 917 F.2d 444, 447 (10th Cir. 1990)).

35.     Ms. Short has not provided an "adequate excuse" for failing to produce the bank records. Experienced bankruptcy counsel should know that "lack of probable cause" is not a basis to withhold documents. Moreover, Ms. Short has not claimed that the bank records are privileged, she only claims a privacy interest in them. And while Ms. Short may have a legitimate privacy interest, case law is clear that this interest "must yield to the Federal Rules of Civil Procedure." *Strand*, No. 2020 U.S. Dist. LEXIS 776, at *4. Relying on fictitious and unsupported law is not "adequate excuse."

36.     The estate has incurred damages as a result of Ms. Short's noncompliance. The Trustee has been forced to incur expense in negotiating these issues, only to be stymied, yet

again, just a week before the continued examination of Ms. Short which will likely need to be continued again while this Motion is pending.

37.     If the Court determines that the relief requested herein is appropriate, the Trustee will establish the amount of fees and costs by declaration or as directed by the Court.

## V.     <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7026-1(a)</u>

38.     The undersigned hereby certifies that he complied with Local Rule 7026-1(a).  On March 17, 2022, a meet and confer was held with Sarah Larsen, counsel for Ms. Short, and Carson Heninger counsel for the Trustee. The meet and confer occurred telephonically and no resolution was reached.

WHEREFORE, the Trustee requests that the Court grant this Motion and compel Ms. Short to comply with the Subpoena and impose appropriate sanctions against her.

DATED this 25th day of March, 2022.

GREENBERG TRAURIG, LLP

    */s/ Carson Heninger*
Peggy Hunt
Michael Thomson
Carson Heninger

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the

United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I

further certify that the parties of record in this case, as identified below, are registered

CM/ECF uses and will be served through the CM/ECF system.

- **James W. Anderson**    jwa@clydesnow.com, gmortensen@clydesnow.com
- **David P. Billings**    dbillings@fabianvancott.com, jwinger@fabianvancott.com;
  cbuhler@fabianvancott.com
- **Darwin H. Bingham**    dbingham@scalleyreading.net, cat@scalleyreading.net
- **John H. Bogart**    jbogart@telosvg.com
- **P. Matthew Cox**    mw@scmlaw.com, ec@scmlaw.com
- **T. Edward Cundick**    tec@clydesnow.com, gmortensen@clydesnow.com
- **Carson Heninger**    heningerc@gtlaw.com
- **Mary Margaret Hunt**    huntp@gtlaw.com, longca@gtlaw.com
- **Mary M. Hunt tr**    hunttrustee@gtlaw.com, huntp@gtlaw.com; longca@gtlaw.com;
  ut18@ecfcbis.com
- **Ellen E. Ostrow**    ellen.ostrow@stoel.com, docketclerk@stoel.com;
  michelle.smock@stoel.com
- **Douglas J. Payne**    dpayne@fabianvancott.com, mbeck@fabianvancott.com;
  mdewitt@fabianvancott.com
- **Douglas R. Short**    mail@consumerlawutah.com, douglasrshort@gmail.com;
  as@consumerlawutah.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **James H. Woodall**    jwoodall@carrwoodall.com, brad@carrwoodall.com

**Service by First Class Mail**

> Sarah Larsen
> Utah Bankruptcy Law Center, PLLC (UBLC)
> 231 East 400 South
> Suite 345
> Salt Lake City, UT 84111

**Service by electronic mail**

> Sarah Larsen - sarah.larsen@utahbankruptcylawcenter.com

*/s/ Patsy Brown*

# Exhibit A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
### for the District of Utah

In re  DOUGLAS RAYMOND SHORT,　　　　Case No. 19-29471

　　　　　　　Debtor.　　　　　　　　　　　Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **Christine Short**
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>GREENBERG TRAURIG, LLP<br>222 South Main Street, 5th Floor<br>Salt Lake City, UT 84101 | DATE AND TIME<br><br>**February 24, 2022, at 10:00 a.m.** |
|---|---|

The examination will be recorded by this method: underline digital audio recording device

■ *Production:* You must produce for inspection and copying all of the documents described on the attached **Exhibit A** at the time, date, and place set forth below.

| PLACE<br>GREENBERG TRAURIG, LLP<br>222 South Main Street, 5th Floor<br>Salt Lake City, UT 84101 | DATE AND TIME<br><br>**February 18, 2022, at 4:00 p.m.** |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

　　　　　　　　　　CLERK OF COURT

　　　　　　　　　　　　　　　　　　OR　　　　／／／
　　　　　　　　　　_____　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing Peggy Hunt, the Chapter 7 Trustee for the bankruptcy estate of Douglas Short, who issues or requests this subpoena, are:

Peggy Hunt
Michael F. Thomson
Carson Heninger
GREENBERG TRAURIG, LLP
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
huntp@gtlaw.com
thomsonm@gtlaw.com
cheninger@gtlaw.com
(801) 478-6900

_____
### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: ___Christine Short_____
on *(date)*_____2/1/2022_____.

■   I served the subpoena by delivering a copy to the named person as follows: Christine Short, 10763 South 2000
East, Sandy, UT 84092 by certified mail on *(date)* 2/1/2022 ; and_____

■   I served the subpoena by delivering a copy to the named person: Christine Short, 10763 South 2000 East, Sandy,
UT 84092  by First Class, U.S. Mail, postage prepaid on *(date)*  2/1/2022  ; or_____

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $  N/A_____

My fees are $ N/A_____ for travel and $ N/A_____ for services, for a total of $ N/A_____.

I declare under penalty of perjury that this information is true and correct.

Date: ___2\1\22_____

___C. D. Johnson_____
*Server's Signature*

Erin Johnson, Paralegal_____
*Printed name and title*

GREENBERG TRAURIG, LLP
222 S. Main St, Fifth Floor
Salt Lake City, Utah 84101_____
*Server's Address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**Definitions**

      1.     "You" and "your" means Christine Short and includes any employees, agents, associates, assigns, or entities acting on behalf or under control of you.

      2.     "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise).

      3.     "Concerning," "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

      4.     "Contract" shall mean (a) an agreement, oral or written, between two or more persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation.

      5.     "Debtor," means Douglas Short, and includes any employees, agents, associates, predecessors, successors, assigns, affiliates, subsidiaries, or entities acting on behalf or under control of Debtor.

      6.     "Document" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form and including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic, or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings, or pictures of

any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by you. This term also includes any documents now or ever in your possession, custody, or control, or available to you, your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

7.    "Information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts, and formulae.

8.    "Person" means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

9.    "Property" means the property located at 10763 South 2000 East, Sandy, UT 84092.

10.    "Relating to" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually connected with the matter discussed.

11.    "Trust" means The Christine M. Short Revocable Trust dated June 23, 2015.

12.    When referring to a person, the term "identify" shall mean to give, to the extent known, the person's full name, present or last known address, present or last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.    When referring to a document, the term "identify" shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in your possession or subject to your control, state the disposition of the document.

14.    When referring to a communication other than a document, the term "identify" shall mean to describe the communication in such a manner that all the following information is provided:

    (a)    Whether the communication took place in person, by telephone, via e-mail, or otherwise;

    (b)    If by telephone, the identity of the person originating the call, the identity of the person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time

2

of the communication; and the identity of all other persons present within hearing of any party to the communication;

(c)    If by e-mail, the identity, including name and e-mail address, of the person originating the e-mail; the identity or identities, including name and e-mail address, of all recipients, both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the e-mail communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent;

(d)    If in person, the identity of all persons present during the communication and the location of the communication;

(e)    The date and time of the communication;

(f)    To the best of your recollection, what was said by each party to the communication; and

(g)    The identity of the custodian of any document that recorded, summarized, or concerned the communication.

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

16.    The words "any," "all," and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

17.    The use of the singular form of any word includes the plural and vice versa.

18.    The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

## Instructions

1.    In responding to this document request, furnish all information which is available to you, including information in the possession of your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on your behalf, and not merely such information known of your own knowledge. If you are unable to locate any requested document after exercising due diligence to secure the requested document, so state.

2.    This document request is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that you provide and documents that you produce.

Supplementary documents are to be served within 10 days after receipt or discovery of such information or documents.

3.     If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

4.     In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all persons to whom it was distributed or shown; (i) date of destruction or other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

5.     All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

### **Requested Documents**

1.     Produce all documents and communications concerning the Property, including, but not limited to:

(a)     All contracts with any person, including, but not limited to, the Debtor, mortgage companies, insurance companies, contractors, and tax accountants;

(b)     All documents concerning home insurance policies covering the Property;

(c)     All financial documents concerning the Property, including, but not limited to, bank statements showing any expenses paid for the Property, including, but not limited to, improvements, mortgages, and home insurance;

(d)     All documents concerning construction, repairs, and maintenance on the Property, including, but not limited to, invoices, receipts, and quotes; and

(e)     All communications between you and any other person concerning the Property.

2.     For the period of 2018 to the present, produce all your federal and state tax returns.

4

3.      Produce all documents and communications concerning the Trust, including, but not limited to:

     (a)      All governing trust documents, including the Declaration of Trust;

     (b)      All financial documents concerning the Trust including, but not limited to, bank check ledgers, bank statements, and K-1s; and

     (c)      All communications between you and any other person concerning the Trust.

**This order is SIGNED.**

**Dated: January 31, 2022**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Carson Heninger (Utah State Bar No. 17410)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT  84101
Telephone: (801) 478-6900
Email:   huntp@gtlaw.com
              thomsonm@gtlaw.com
              heningerc@gtlaw.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Case No. 19-29471 |
|---|---|
| DOUGLAS RAYMOND SHORT, | Chapter 7 |
| Debtor. | The Honorable Kevin R. Anderson |

### ORDER AUTHORIZING RULE 2004 EXAMINATION OF CHRISTINE SHORT
### AND PRODUCTION OF DOCUMENTS UNDER FED. R. BANKR. P. 2004
### AND LOCAL RULE 2004-1

The matter before the Court is the *Chapter 7 Trustee's* Ex Parte *Motion for Examination*

*and Production of Documents Under Fed. R. Bankr. P. 2004 and Local Rule 2004-1* (the

"Motion"). Based on the Motion and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**;

2. The Trustee may conduct a Rule 2004 examination of Christine Short; and

3. Attendance at the examination may be compelled pursuant to the applicable federal rules.

-----------------------------------------END OF DOCUMENT-----------------------------------------------

<u>**DESIGNATION OF PARTIES TO BE SERVED**</u>

      Service of the foregoing **ORDER AUTHORIZING RULE 2004 EXAMINATION OF CHRISTINE SHORT AND PRODUCTION OF DOCUMENTS UNDER FED. R. BANKR. P. 2004 AND LOCAL RULE 2004-1** shall be served to the parties in the manner designated below:

      **By Electronic Service**:  I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- **James W. Anderson**     jwa@clydesnow.com, gmortensen@clydesnow.com

- **David P. Billings**     dbillings@fabianvancott.com,
  jwinger@fabianvancott.com;cbuhler@fabianvancott.com

- **Darwin H. Bingham**     dbingham@scalleyreading.net, cat@scalleyreading.net

- **John H. Bogart**     jbogart@telosvg.com

- **P. Matthew Cox**     mw@scmlaw.com, ec@scmlaw.com

- **T. Edward Cundick**     tec@clydesnow.com, gmortensen@clydesnow.com

- **Carson Heninger**     heningerc@gtlaw.com

- **Mary Margaret Hunt**     huntp@gtlaw.com, longca@gtlaw.com

- **Mary M. Hunt tr**     hunttrustee@gtlaw.com,
  huntp@gtlaw.com;longca@gtlaw.com;ut18@ecfcbis.com

- **Ellen E. Ostrow**     ellen.ostrow@stoel.com,
  docketclerk@stoel.com;michelle.smock@stoel.com

- **Douglas J. Payne**     dpayne@fabianvancott.com,
  mbeck@fabianvancott.com;mdewitt@fabianvancott.com

- **Douglas R. Short**     mail@consumerlawutah.com,
  douglasrshort@gmail.com;as@consumerlawutah.com

- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov

- **James H. Woodall**     jwoodall@carrwoodall.com, brad@carrwoodall.com

# Exhibit B

Christine Short

10763 South 2000 East

Sandy Utah 84092

Dear Ms. Hunt,

It is my understanding that your objective is to confirm that I do in fact own my own home and have done since I purchased it.

Please find attached the following documents which seem to fit your requests that I have available:

Copies of my warranty deeds since I purchased the house as follows:

　　　　2018 from Robert and Karen Hills to Christine Short individually

　　　　2018 from Christine Short to Christine Short as Trustee of Christine Short Family Trust

　　　　2019 From Christine Short Trustee to Christine Short individually (when I refinanced)

　　　　2019 From Christine Short individually to Christine Short Trustee

　　　　2020 From Christine Short Trustee to Christine Short individually (when I refinanced)

　　　　2020 From Christine Short individually to Christine Short Trustee

A copy of my Homeowners Insurance Policy Declarations from United Insurance Group

I do not currently have a copy available of my loan documents from my most recent refinancing.  But I can send you an excel spreadsheet with my payment history if that will help.

A copy of my Trust Agreement for my 2015 Trust (I do not have any accounts in my trust, just the my house)

OBJECTION

In general I object to any additional requests that I have not responded to as being unduly burdensome, especially since they appear totally irrelevant to the question of whether I own my own house or not, and they are further an unreasonable invasion into my personal privacy.  I did not file bankruptcy, my husband did.  It appears you do not believe that I as a professional woman (a registered nurse) cannot own my own house.

The instructions say that you are supposed to avoid imposing an undue burden on me, but asking for every possible document relating to my house and every possible communication relating to my house is an almost unlimited burden.  Frankly, the sweeping open-ended requests are excessive, in my opinion,

and appear to violate your duty to not impose such burdens on me. I am happy to cooperate within reason because I realize you have a job to do, but the requests you have made are extreme.

If you would like to ask for more specific information, then I can be more helpful.

Otherwise, I object to all requests for which I have not provide you documents as being unduly burdensome. And they are too vague and ambiguous.

I also do not have many of the types of documents you identify generally.

More specifically, I object to the requests for every communication about my house as being unreasonable and burdensome. Even if I could remember every such communication they are irrelevant. A conversation with one of my kids about how I want to remodel a bathroom, or what I might spend on a new toilet, etc does not have anything to do with whether I own my own house. Similarly, I don't see how providing all of the receipts for any house maintenance etc have anything to do with whether I own my house.

In particular, I also object to providing any copies of my personal bank statements. First of all, I only have electronic access to the past two years and it would be an undue burden, both in time and money, to have to request copies from the bank. Second, my bank statements showing my personal funds and how I may spend my personal money is not appear relevant to the question of my ownership of my house. If there is some specific financial information relating to the question of ownership that you have and want to identify specifically, I will try to provide it if I can do so easily.

I object to having to produce my tax returns since they also appear to be irrelevant to the question of my ownership of my home. Since my husband and I file joint returns I believe you would not be able to get any information therefrom that would indicate which of us owns the home. Furthermore, I believe that you have already got the returns from my husband. If there is something specific that you want therefrom, please let me know.

As far as mortgage documents, I would provide a copy of my loan documents such as the note and the trust deed if I had ready access to them. I don't have paper copies from the last time I refinances They gave me an electronic "key" with them on them, but I cannot access them, as far as I can tell. If I do get some help and can access them, I will provide them. But of course if you want a copy of the trust deed you can just pull it from the County records yourself.

I am happy to cooperate if there is something specific you want. But it is unfair for you to put all this stress and burden on me when I am not the one who filed for bankruptcy.

Sincerely,

Christine Short

2-18-22

# Exhibit C

**Heninger, Carson (Assoc-SLC-Bky)**

| | |
|---|---|
| **From:** | Heninger, Carson (Assoc-SLC-Bky) |
| **Sent:** | Wednesday, February 23, 2022 2:27 PM |
| **To:** | 'christine short' |
| **Cc:** | Hunt, Peggy (Shld-SLC-Bky); hunttrustee |
| **Subject:** | RE: Deposition |

Thanks, Christine. We will move the deposition and do March 29th at 10:00 a.m. at my law office. I will send you an updated subpoena with this date and time.

**Carson Heninger**
Associate

Greenberg Traurig, LLP
222 South Main Street | 5th Floor | Salt Lake City, Utah 84101
T +1 801.478.6914
heningerc@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

**From:** christine short <christineshort530@hotmail.com>
**Sent:** Wednesday, February 23, 2022 2:14 PM
**To:** Heninger, Carson (Assoc-SLC-Bky) <heningerc@gtlaw.com>
**Cc:** Hunt, Peggy (Shld-SLC-Bky) <huntp@gtlaw.com>; christine short <christineshort530@hotmail.com>
**Subject:** Re: Deposition

I can agree to accept service of an updated subpoena, and it can also be emailed.  March 28, 29, 30 or 31 are good dates for me if they work for you.  I will work on getting the rest of the documents and send them as soon as possible.
Thank you

Get Outlook for iOS

---

**From:** heningerc@gtlaw.com <heningerc@gtlaw.com>
**Sent:** Wednesday, February 23, 2022 12:49:15 PM
**To:** christineshort530@hotmail.com <christineshort530@hotmail.com>
**Cc:** huntp@gtlaw.com <huntp@gtlaw.com>
**Subject:** RE: Deposition

Hi Christine,

As of now, we expect you to show up to the deposition tomorrow; however, if you will agree to accept service of an updated subpoena and we can agree on a new date for the deposition in March, we are amenable to moving the deposition. Accordingly, please provide at least three dates that work for you in March so that the Trustee and I can see if there's a date that works for all of us.

Also, I have reviewed the documents produced in response to the subpoena and they are deficient. Specifically, please produce the following documents:

- All loan documents for the house that are in your possession, custody, or control.
- Any spreadsheets you have relating to payment history on the house

- Your 2019 and 2020 tax returns; as well as your 2021 tax return, if it has been prepared
- Your bank statements. For now, the electronic statements for the last two years are fine. If you would like to redact certain sensitive information, you may do so and we can discuss further, if necessary.

All of the foregoing document requests are necessary for the Trustee to make a determination as to the Bankruptcy Estate's interest in any property. Please produce these documents as soon as possible to avoid Court intervention.

Best,

**Carson Heninger**
Associate

Greenberg Traurig, LLP
222 South Main Street | 5th Floor | Salt Lake City, Utah 84101
T +1 801.478.6914
heningerc@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** christine short <christineshort530@hotmail.com>
**Sent:** Wednesday, February 23, 2022 11:46 AM
**To:** Hunt, Peggy (Shld-SLC-Bky) <huntp@gtlaw.com>; christine short <christineshort530@hotmail.com>
**Subject:** Deposition

**\*EXTERNAL TO GT\***

Dear Ms. Hunt,

I am still trying to get counsel for tomorrow's deposition but have not been able to yet.

I also still don't have anyone to cover for me at work tomorrow.  I am a hospice intake nurse and there are only a limited number of people who can cover for me.

Would it be possible to continue the deposition until I can get counsel?  And get my shift covered.

I am sorry to have to ask but I did not get your subpoena until last week because all of our mail was being held at the post office.

So I have not had as much time as would be normal.

Please let me know as soon as possible.

Thank you
Chris Short

Get Outlook for iOS

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# Exhibit D

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

### for the District of Utah

In re    DOUGLAS RAYMOND SHORT,                    Case No. 19-29471

                           Debtor.                                 Chapter 7

### SUBPOENA FOR RULE 2004 EXAMINATION

To: **Christine Short**

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| GREENBERG TRAURIG, LLP<br>222 South Main Street, 5th Floor<br>Salt Lake City, UT 84101 | **March 29, 2022, at 10:00 a.m. (Mountain Time)** |

The examination will be recorded by this method: <u>digital audio recording device</u>

■ The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.
Date:

CLERK OF COURT                    OR

_____                    _____
                                                         *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing Peggy Hunt, the Chapter 7 Trustee for the bankruptcy estate of Douglas Short, who issues or requests this subpoena, are:

Peggy Hunt
Michael F. Thomson
Carson Heninger
GREENBERG TRAURIG, LLP
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
huntp@gtlaw.com
thomsonm@gtlaw.com
cheninger@gtlaw.com
(801) 478-6900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)*_____.

■   I served the subpoena by delivering a copy to the named person as follows: Christine Short,
christineshort530@hotmail.com by electronic mail on *(date)*February 23, 2022

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $  N/A_____

My fees are $ N/A_____ for travel and $ N/A_____ for services, for a total of $ N/A_____.

I declare under penalty of perjury that this information is true and correct.

Date: 2/23/2022_____

_____
*Server's Signature*

Erin Johnson, Paralegal_____
*Printed name and title*

GREENBERG TRAURIG, LLP
222 S. Main St, Fifth Floor
Salt Lake City, Utah 84101_____
*Server's Address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　　　(i) is a party or a party's officer; or
　　　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　　　(i) fails to allow a reasonable time to comply;
　　　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　　　(iv) subjects a person to undue burden.
　　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

　　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　　　(i) expressly make the claim; and
　　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**This order is SIGNED.**

**Dated: January 31, 2022**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

---

Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Carson Heninger (Utah State Bar No. 17410)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT  84101
Telephone: (801) 478-6900
Email:   huntp@gtlaw.com
           thomsonm@gtlaw.com
           heningerc@gtlaw.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| In re:<br><br>DOUGLAS RAYMOND SHORT,<br><br>Debtor. | Case No. 19-29471<br><br>Chapter 7<br><br>The Honorable Kevin R. Anderson |

---

### ORDER AUTHORIZING RULE 2004 EXAMINATION OF CHRISTINE SHORT
### AND PRODUCTION OF DOCUMENTS UNDER FED. R. BANKR. P. 2004
### AND LOCAL RULE 2004-1

---

The matter before the Court is the *Chapter 7 Trustee's* Ex Parte *Motion for Examination*

*and Production of Documents Under Fed. R. Bankr. P. 2004 and Local Rule 2004-1* (the

"Motion"). Based on the Motion and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**;

2. The Trustee may conduct a Rule 2004 examination of Christine Short; and

3. Attendance at the examination may be compelled pursuant to the applicable federal

   rules.

-----------------------------------------END OF DOCUMENT-----------------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER AUTHORIZING RULE 2004 EXAMINATION OF CHRISTINE SHORT AND PRODUCTION OF DOCUMENTS UNDER FED. R. BANKR. P. 2004 AND LOCAL RULE 2004-1** shall be served to the parties in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- **James W. Anderson**    jwa@clydesnow.com, gmortensen@clydesnow.com
- **David P. Billings**    dbillings@fabianvancott.com, jwinger@fabianvancott.com;cbuhler@fabianvancott.com
- **Darwin H. Bingham**    dbingham@scalleyreading.net, cat@scalleyreading.net
- **John H. Bogart**    jbogart@telosvg.com
- **P. Matthew Cox**    mw@scmlaw.com, ec@scmlaw.com
- **T. Edward Cundick**    tec@clydesnow.com, gmortensen@clydesnow.com
- **Carson Heninger**    heningerc@gtlaw.com
- **Mary Margaret Hunt**    huntp@gtlaw.com, longca@gtlaw.com
- **Mary M. Hunt tr**    hunttrustee@gtlaw.com, huntp@gtlaw.com;longca@gtlaw.com;ut18@ecfcbis.com
- **Ellen E. Ostrow**    ellen.ostrow@stoel.com, docketclerk@stoel.com;michelle.smock@stoel.com
- **Douglas J. Payne**    dpayne@fabianvancott.com, mbeck@fabianvancott.com;mdewitt@fabianvancott.com
- **Douglas R. Short**    mail@consumerlawutah.com, douglasrshort@gmail.com;as@consumerlawutah.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **James H. Woodall**    jwoodall@carrwoodall.com, brad@carrwoodall.com

# Exhibit  E

## Heninger, Carson (Assoc-SLC-Bky)

| | |
|---|---|
| **From:** | Heninger, Carson (Assoc-SLC-Bky) |
| **Sent:** | Tuesday, March 8, 2022 6:59 PM |
| **To:** | 'sarah.larsen@utahbankruptcylawcenter.com' |
| **Cc:** | Hunt, Peggy (Shld-SLC-Bky); hunttrustee |
| **Subject:** | Short: subpoenaed documents |
| **Attachments:** | C. Short Subpoena .pdf; Short Subpoena 2.1.22_001.pdf; Short - Docs produced by Christine Short .pdf; 2019 Short Tax Return.pdf; US Tax Return - 2022-03-04T144650.518.pdf; history 2.xlsx; 2020 Refinancing Loan docs.pdf; Bank Statements.pdf |

Hi Sarah,

Thanks for the call. I've attached the original subpoena that was issued on Feb. 1, 2022. On Feb. 23, 2022, the day before the scheduled deposition Ms. Short requested a continuance. As a courtesy, we agreed to continue the deposition date to March 29, 2022, as shown on the subsequently issued subpoena (also attached).

As you will see from documents requested in our original subpoena, Ms. Short was required to produce the requested documents by February 18, 2022. On this date, she produced the attached documents in the PDF named "Short – Docs produced by Christine Short." We told her that her production was deficient. She subsequently produced the attached tax returns (which I just discovered are protected by a password that she needs to give us in order to access) as well as the spreadsheet and 2020 loan documents. She also provided us with the "Bank Statements," which, as you can see, only show the alleged mortgage payments. We told Ms. Short that she would need to get us the full bank statements— subject to redactions of only unusually sensitive information—by today or else we would need to seek Court assistance in order to have the documents before the scheduled deposition. As I explained on the call, we need the full bank statements in order to properly assess if Doug's bankruptcy estate has an interest in the home. I would also note that no motion for a protective order has been filed and the deadline to produce these documents has long since passed.

Given the urgent nature of our request with the scheduled deposition fast-approaching, I am providing all of these attached documents to help catch you up to speed. As we also discussed, we have agreed to give you until Friday (March 11th) to review and produce the complete bank statements for the last two years. If we do not receive the bank statements by Friday, we will need to seek Court assistance and we will also seek our fees and costs for getting Ms. Short's compliance.

Please reach out if there is anything else I can provide to help you get up to speed.

Best,

**Carson Heninger**
Associate

Greenberg Traurig, LLP
222 South Main Street | 5th Floor | Salt Lake City, Utah 84101
T +1 801.478.6914
heningerc@gtlaw.com | www.gtlaw.com | View GT Biography



Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Long Island. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.