**SARAH J LARSEN (Utah Bar Number 08231)**
**UTAH BANKRUPTCY LAW CENTER, PLLC**
PO Box 65817
Salt Lake City, UT 84111
Telephone (801) 335-5371
eMail: Sarah.Larsen@utahbankruptcylawcenter.com

*Attorney for Christine Short*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re: ) | |
| ) | Case No 19-29471 |
| DOUGLAS RAYMOND SHORT ) | Chapter 7 |
| ) | Judge Kevin R Anderson |
| Debtor. ) | |

### CHRISTINE SHORT'S OBJECTION TO THE
### CHAPTER 7 TRUSTEE'S MOTION TO COMPEL CHRISTINE SHORT
### TO COMPLY WITH SUBPOENA AND FOR SANCTIONS

Christine Short (hereinafter Ms. Short), by and through her counsel of record, Sarah J Larsen, of the Utah Bankruptcy Law Center, PLLC, hereby objects to the Chapter 7 Trustee's Motion to Compel Christine Short to Comply With Subpoena and for Sanctions as follows:

1. Answering Paragraph 1 of Trustee's Motion, Ms. Short admits that jurisdiction is proper.

2. Answering Paragraph 2 of Trustee's Motion, Ms. Short admits that venue is proper.

3. Answering Paragraph 3 of Trustee's Motion, Ms. Short admits that said statutes are generally the ones that apply to matters such as this one.

4. Answering Paragraph 4 of Trustee's Motion, Ms. Short admits that her husband filed bankruptcy on December 31, 2019.

5. Answering Paragraph 5 of Trustee's Motion, Ms. Short admits that the Trustee (Peggy Hunt) is the trustee appointed in Ms. Short's husband's bankruptcy.

6. Answering Paragraph 6 of Trustee's Motion, Ms. Short does not have the requisite information to admit or deny what the Trustee did or did not discover, but admits that it is likely that the Trustee found out where the Debtor was living since it is listed on his bankruptcy paperwork.

7. Answering Paragraph 7 of Trustee's Motion, Ms. Short admits that she is the owner of the property in which her husband resides. Ms. Short's husband is a beneficiary for estate planning purposes only in case of Ms. Short's death, but the house has belonged to her since the date it was purchased and the house that she owned before that was owned solely in her name since sometime in 2015.

8. Answering Paragraph 8 of Trustee's Motion, Ms. Short does not have the requisite information to admit or deny what the Trustee is or is not investigating, but admits that it is likely that the Trustee was looking into the assets of the Debtor as it is the Trustee's job to do.

9. Answering Paragraph 9 of Trustee's Motion, Ms. Short does not have the requisite information to admit or deny what the Trustee did or did not discover, but admits that it is likely that the Trustee found the information listed in Paragraph 9 to the extent that it is listed correctly.

10. Answering Paragraph 10 of Trustee's Motion, Ms. Short admits that the Trustee filed an Ex Parte Motion for Examination and Production of Documents.

11. Answering Paragraph 11 of Trustee's Motion, Ms. Short admits that the Court granted the Ex Parte Motion since Ms. Short was not given an opportunity to object prior to its entry.

12. Answering Paragraph 12 of Trustee's Motion, Ms. Short admits that the Trustee issued a Subpoena and it appears to match the one attached to the Trustee's Motion.

13. Answering Paragraph 13 of Trustee's Motion, Ms. Short admits the allegations of said paragraph.

14. Answering Paragraph 14 of Trustee's Motion, Ms. Short admits that she produced documents listed as requested by the Trustee along with an explanation/objection as to any documents not produced.

15. Answering Paragraph 15 of Trustee's Motion, Ms. Short admits that she believed that producing her personal bank accounts to be unduly burdensome.

16. Answering Paragraph 16 of Trustee's Motion, Ms. Short admits the allegations of said paragraph as it became apparent to her that she might need her own counsel to protect her interests.

17. Answering Paragraph 17 of Trustee's Motion, Ms. Short admits the allegations of said paragraph.

18. Answering Paragraph 18 of Trustee's Motion, Ms. Short admits the allegations of said paragraph but denies that she intended to waive her right to privacy and

        privilege when she indicated she would work on getting additional documents to the Trustee.

19. Answering Paragraph 19 of Trustee's Motion, Ms. Short admits the allegations of said paragraph and further clarifies the footnote to state that she didn't know that there was a problem accessing the tax returns and once it became known, the password was provided by Debtor's counsel (as providing the taxes was part of his obligation as the Debtor) and confirmed received to Ms. Short's counsel. Ms. Short was never clear why she needed to produce copies of the tax returns instead of the Trustee obtaining them from the Debtor but she was attempting to comply with the Trustee's request.

20. Answering Paragraph 20 of Trustee's Motion, Ms. Short admits the allegations of said paragraph. The Trustee was clearly seeking information regarding the ownership of her home, as is mentioned in the Trustees Motion. Ms. Short provided everything the Trustee would need to ascertain said ownership, including proof of payments made for the mortgage, all of which came from Ms. Short's personal bank account. Ms. Short further clarifies that the Debtor has produced copies of his bank statements as part of his bankruptcy showing money that he gave Ms. Short toward his "rent" to live in her house. Ms Short has offered to complete an affidavit affirming that the monies showing in the Debtor's bank accounts are the only monies received from her by the Debtor toward the house. The issue regarding the tax returns is already discussed above.

Document      Page 5 of 9

21. Answering Paragraph 21 of Trustee's Motion, Ms. Short has no way of knowing what was said between her counsel and the Trustee's counsel and therefore denies the allegations of said paragraph. Further, Ms. Short's counsel avers that she has had horrible computer problems over the last month and has lost every single e-mail from her client and opposing counsel so she cannot verify if that e-mail was sent and if it is correct and complete.

22. Answering Paragraph 22 of Trustee's Motion, Ms. Short has no way of knowing what was said between her counsel and the Trustee's counsel and therefore denies the allegations of said paragraph. Further, Ms. Short's counsel avers that she has had horrible computer problems over the last month and has lost every single e-mail from her client and opposing counsel so she cannot verify if there was more than one e-mail sent but admits there might have been.

23. Answering Paragraph 23 of Trustee's Motion, Ms. Short has no way of knowing what was said between her counsel and the Trustee's counsel and therefore denies the allegations of said paragraph. Ms. Short's counsel avers that there was a telephone meeting with the Trustee's Counsel on March 17 but does not recall that a specific date for follow-up was discussed.

24. Answering Paragraph 24 of Trustee's Motion, Ms. Short believes that she has provided everything that the Trustee has requested that is relevant to the Debtor's bankruptcy that does not violate Ms. Short's own privacy. The Trustee has indicated that she is seeking to verify ownership of Ms. Short's home and how much the Debtor is contributing and that information has been provided. How

much money Ms. Short makes or how she chooses to spend it is her own business and not the purview of the Trustee unless the Trustee can establish that she believes that Ms. Short has some information that contradicts what has been provided as part of the Debtor's bankruptcy.

25. Answering Paragraph 25 of Trustee's Motion, Ms. Short does not believe that she is obligated to provide copies of her personal bank account statements. She has already provided the information showing the house payments and has offered to give the Trustee an affidavit regarding how much money has been provided to her by the Debtor. Any other information on Ms. Short's bank statements is of her own concern and not that of the Chapter 7 Trustee. The password for the tax returns has already been provided by the Debtor's attorney, as it should have been requested from him all along.

26. Answering Paragraph 26 of Trustee's Motion, Ms. Short denies the allegations of said paragraph. She has complied with everything reasonable requested by the Trustee (and even more in her opinion) but feels there is a limit to what the Trustee can request from a non-party.

27. Answering Paragraph 27 of Trustee's Motion, Ms. Short admits the allegations of said paragraph.

28. Answering Paragraph 28 of Trustee's Motion, Ms. Short admits the allegations of said paragraph but clarifies that there are limitations to what can be requested.

29. Answering Paragraph 29 of Trustee's Motion, Ms. Short denies the allegations of said paragraph. It does seem that the Trustee is "fishing". She cannot undo the

transfer of property that occurred back in 2015 because it is beyond the statute of limitations to void the transfer. If the Trustee was truly seeking to investigate the transfer in 2015, she could request documents about such from the Debtor himself. The Trustee is instead trying to establish that the Debtor is an equitable owner of the current home and is trying to use his own spouse to implicate him using documents that belong solely to the Debtor's wife and despite Ms. Short's willingness to provide information regarding the home itself and an affidavit that the information is complete.

It should be further noted that the Trustee has yet to complete the 341 Meeting of Creditors in the Debtor's case let alone issue a subpoena to the Debtor himself to obtain any documents she feels are relevant to his bankruptcy. The original 341 Meeting was continued without date and has never been rescheduled. It is the Debtor who filed bankruptcy and the Trustee's obligation is to investigate the Debtor. She should start with him and only move to other parties if there seems to be information provided from the Debtor which is inaccurate or incomplete.

30. Answering Paragraph 30 of Trustee's Motion, Ms. Short denies the allegations of said paragraph.

31. Answering Paragraph 31 of Trustee's Motion, Ms. Short denies the allegations of said paragraph. It seems that the cases all provided relate to parties to the cases in which the discovery was requested and not the documents of a non-party spouse.

32. Answering Paragraph 32 of Trustee's Motion, Ms. Short denies the allegations of said paragraph.

33. Answering Paragraph 33 of Trustee's Motion, Ms. Short admits the allegations of said paragraph but denies that she has failed to obey the subpoena.

34. Answering Paragraph 34 of Trustee's Motion, Ms. Short admits the allegations of said paragraph but denies that she has failed to obey the subpoena.

35. Answering Paragraph 35 of Trustee's Motion, Ms. Short admits the allegations of said paragraph but denies that she has failed to obey the subpoena because she has provided the information that the Trustee needs to determine ownership and payment toward the home.

36. Answering Paragraph 36 of Trustee's Motion, Ms. Short denies the allegations of said paragraph and further avers that she has obeyed the subpoena.

37. Answering Paragraph 37 of Trustee's Motion, Ms. Short admits the allegations of said paragraph but denies that she has failed to obey the subpoena.

38. Answering Paragraph 38 of Trustee's Motion, Ms. Short has no way of knowing what was said between her counsel and the Trustee's counsel and therefore denies the allegations of said paragraph.

WHEREFORE, Ms. Short prays the court deny the Chapter 7 Trustee's Motion to Compel Christine Short to Comply with Subpoena and for Sanctions.

DATED this 11th day of April, 2022.

**UTAH BANKRUPTCY LAW CENTER, PLLC**

/s/ Sarah J Larsen
Sarah J Larsen, Managing Attorney

## CERTIFICATE OF SERVICE

I certify that on the 11th of April, 2022, I electronically filed the foregoing "**Chapter 7 Trustee's Motion to Compel Christine Short to Comply With Subpoena and for Sanctions**" with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to all parties whose names appear on the electronic mail notice list for this case, including the Chapter 7 Trustee and the United States Trustee, and any other counsel of record.

**UTAH BANKRUPTCY LAW CENTER, PLLC**

By _Sarah J Larsen_____