Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Carson Heninger (Utah State Bar No. 17410)
**GREENBERG TRAURIG, LLP**
222 South Main Street, 5th Floor
Salt Lake City, UT  84101
Telephone: (801) 478-6900
Email:  huntp@gtlaw.com
          thomsonm@gtlaw.com
          heningerc@gtlaw.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 19-29471 |
|---|---|
| DOUGLAS RAYMOND SHORT, | Chapter 7 |
| Debtor. | The Honorable Kevin R. Anderson |

**CHAPTER 7 TRUSTEE'S REPLY IN SUPPORT OF MOTION
TO COMPEL CHRISTINE SHORT TO COMPLY WITH
SUBPOENA AND FOR SANCTIONS**

The Trustee, by and through counsel, hereby submits this *Reply* to *Christine Short's Objection to the Chapter 7 Trustee's Motion to Compel Christine Short to Comply with Subpoena and for Sanctions* [Docket No. 71] (the "Objection"). The Objection was filed in response to the *Chapter 7 Trustee's Motion to Compel Christine Short to Comply with Subpoena and for Sanctions* [Docket No. 69] (the "Motion"),[1] in which the Trustee requests that the Court enter an Order compelling Ms. Short to comply with the Subpoena issued to her and to impose

---

[1] Capitalized terms not defined herein shall have the same meanings prescribed in the Motion.

sanctions against Ms. Short for the Trustee's attorney fees incurred in seeking her compliance. For the reasons set forth in the Motion and herein, the Motion should be granted.

## I.　ARGUMENT

1.　The Trustee has been provided the passwords to Ms. Short's tax returns, thus, the only issue before the Court is whether it should compel Ms. Short to produce all her bank statements for the last two years.

2.　As part of the Trustee's duties, she must investigate the financial affairs of the Debtor and collect property of the Bankruptcy Estate, which, in this instance, includes an investigation into the true ownership of the Property as well as the Debtor's transfers of funds to Ms. Short. Based on the information currently available to the Trustee, she believes that the Debtor has retained an interest in the Property. And given the facts currently known to the Trustee, the Trustee needs Ms. Short's bank records to determine whether there are causes of action that she should pursue.

3.　Additionally, Ms. Short claims that the Debtor has made "rent" payments related to the Property. Presumably, Ms. Short would have received that rent and her bank records also may show if Ms. Short was making payments that an owner of property would typically make. Thus, these requests fit squarely within the purpose of Rule 2004. *See In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) (the scope of Rule 2004 is "extremely broad" and its purposes include "discovering assets, examining transactions, and determining whether wrongdoing has occurred."); *see also In re Martino*, No. 11-31115 MER, 2011 WL 5856327, at *2 (Bankr. D. Colo. Nov. 17, 2011) (same).

4. The Objection admits that the 2004 Order was entered, Ms. Short received the Subpoena, and that the law cited by the Trustee is accurate. She has never moved to set aside the 2004 Order and has not moved to quash the Subpoena. Ms. Short cites no law supporting any of her positions, but rather argues that the Trustee should seek more discovery from the Debtor before Ms. Short should have to produce her bank records. But Ms. Short misunderstands Rule 2004. Rule 2004 provides "[o]n motion of any party in interest, the court may order the examination of *any* entity." Fed. R. Bankr. P. 2004(a) (emphasis added). Further, the production of documents related to the 2004 examination of an entity, including a non-party, may be compelled. *See* Fed. R. Bankr. P. 2004(c). Ms. Short is attempting to read something into the statute that is not there: The Bankruptcy Code and Rules do not require that a party first seek discovery from a debtor. This is especially true when the Trustee is investigating potential causes of action it has against that particular third-party.

5. It is undisputed that the Debtor transferred his interest in a residence to Ms. Short without consideration and that the proceeds of the sale of that residence were used to purchase the Property and the Debtor retained an equitable interest in the Property. Further, Ms. Short has received funds from the Debtor which may be rent payments and the Debtor has shown that he has made at least one large cash withdrawal close to the petition date. And while Rule 2004 is not boundless, a targeted inquiry into Ms. Short's financial transactions within the last two years, given these facts, is within the "extremely broad" scope of Rule 2004.

6. Undersigned counsel for the Trustee reached out to Ms. Short's counsel before filing this Reply to see if a resolution could be reached. However, it is apparent that this dispute cannot be resolved without Court intervention.

II. **CONCLUSION**

WHEREFORE, the Trustee requests that the Court grant the Motion and compel Ms. Short to comply with the Subpoena and impose appropriate sanctions against her.

DATED this 14th day of April, 2022.

**GREENBERG TRAURIG, LLP**

*/s/ Carson Heninger*
Peggy Hunt
Michael Thomson
Carson Heninger

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

4

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on April 14, 2022, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF uses and will be served through the CM/ECF system.

- **James W. Anderson**   jwa@clydesnow.com, gmortensen@clydesnow.com
- **David P. Billings**   dbillings@fabianvancott.com, jwinger@fabianvancott.com; cbuhler@fabianvancott.com
- **Darwin H. Bingham**   dbingham@scalleyreading.net, cat@scalleyreading.net
- **John H. Bogart**   jbogart@telosvg.com
- **P. Matthew Cox**   mw@scmlaw.com, ec@scmlaw.com
- **T. Edward Cundick**   tec@clydesnow.com, gmortensen@clydesnow.com
- **Carson Heninger**   heningerc@gtlaw.com
- **Mary Margaret Hunt**   huntp@gtlaw.com, longca@gtlaw.com
- **Mary M. Hunt tr**   hunttrustee@gtlaw.com, huntp@gtlaw.com; longca@gtlaw.com; ut18@ecfcbis.com
- **Sarah J. Larsen**   Sarah.larsen@utahbankruptcylawcenter.com, sarah.larsen@consumerbankruptcylaw.org; admin@utahbankruptcylawcenter.com; sarah.larsen@ecf.courtdrive.com
- **Ellen E. Ostrow**   ellen.ostrow@stoel.com, docketclerk@stoel.com; michelle.smock@stoel.com
- **Douglas J. Payne**   dpayne@fabianvancott.com, mbeck@fabianvancott.com; mdewitt@fabianvancott.com
- **Douglas R. Short**   mail@consumerlawutah.com, douglasrshort@gmail.com; as@consumerlawutah.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **James H. Woodall**   jwoodall@carrwoodall.com, brad@carrwoodall.com

*/s/ S. Williams*